IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MONIQUE ANDREA FREDERICKS, Plaintiff. | : : : : : : | CIVIL ACTION NOS. 18-CV-1930 18-CV-1931 18-CV-1932 |

**MEMORANDUM**

RUFE, J.                                                                                MAY   , 2018

Currently before the Court are three separate Complaints and Motions for Leave to Proceed *In Forma Pauperis* filed by Plaintiff Monique Andrea Fredericks, all of which allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. *See Fredericks v. TransUnion LLC*, Civ. A. No. 18-1930 (E.D. Pa. filed May 7, 2017); *Fredericks v. Equifax*, Civ. A. No. 18-1931 (E.D. Pa. filed May 8, 2018); *Fredericks v. Experian*, Civ. A. No. 18-1932 (E.D. Pa. filed May 7, 2018). For the following reasons, the Court will grant Fredericks leave to proceed *in forma pauperis* and will dismiss the Complaints with leave to amend.

**I. FACTS**

In her Complaints, Fredericks alleges that TransUnion LLC, Equifax, and Experian have violated her rights under the FCRA by refusing to honor her requests to "delete unverified accounts in [her] name." Fredericks contends that the three credit reporting agencies have ignored her letters disputing these accounts. She claims that they have caused "willful injury as well as defamation against [her] causing damage to [her] credit and credit score." As relief, Fredericks requests $250,000.00 from each credit reporting agency as well as the "maximum for defamation and violation of FCRA."

1

## II. STANDARD OF REVIEW

The Court will grant Fredericks leave to proceed *in forma pauperis* because it appears she is unable to pay the fees to commence these suits. Accordingly, her Complaints are subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaints if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Fredericks is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.  DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner") (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).

Fredericks appears to take issue with the accuracy of her credit reports as prepared by TransUnion LLC, Equifax, and Experian. Under the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In order to state a claim for negligent noncompliance with § 1681e(b), a plaintiff must allege that

> (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.

*Cortez*, 617 F.3d at 708 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). To state a claim for willful noncompliance, a plaintiff must allege that the defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive." *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997) (quoting *Philbin*, 101 F.3d at 970).

Fredericks's Complaints contain hardly more than a "[t]hreadbare recital[] of the elements of a cause of action" for noncompliance with the FCRA. *Iqbal*, 556 U.S. at 678.

3

Fredericks has failed to set forth facts regarding which accounts she believes should have been removed from her credit report. Instead, she simply relies on insufficient conclusory allegations. As pled, the Complaints do not "provide enough information to put [Defendants] on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3 (quotations omitted). Accordingly, the Complaints fail to state a claim for relief at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Fredericks leave to proceed *in forma pauperis* but will dismiss her Complaints without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Fredericks will be given an opportunity to file an amended complaint in accordance with the Court's Order, which follows.